## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

SHEILA FRANK,                        )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          Docket No. 04-cv-221-P-S
                                     )
L.L. BEAN INC., et al.,              )
                                     )
                    Defendants.      )


## ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND DEFENDANT'S MEMORANDUM CONCERNING PLAINTIFF'S ALLEGED INABILITY TO PAY SANCTIONS

Before the Court is Plaintiff's Motion for Relief from Order (Docket # 32) and Defendant's Memorandum Concerning Plaintiff's Alleged Inability to Pay Sanctions (Docket # 24).   Both concern this Court's Order of May 11, 2005 (Docket # 22), imposing sanctions on Plaintiff Shelia Frank for willfully disclosing confidential settlement information to a witness.   Plaintiff contends that she is unable to pay the $1,000 sanction ordered by the Court.   Defendant questions both the veracity and the procedural validity of Plaintiff's contention.   After reviewing the arguments and evidence proffered by the parties, the Court DENIES Plaintiff's Motion for Relief from Order and therefore renders Defendant's Memorandum MOOT.   The Court also LIFTS the Stay (Docket # 35) that was previously imposed on the May 11, 2005 Order.


## I.  BACKGROUND

On May 11, 2005, this Court ordered Plaintiff to pay a sanction of $1,000 to Defendant L.L. Bean within ten (10) days for willfully disclosing confidential settlement

information to a witness previously employed by Defendant.  The Court reasoned that because Plaintiff's actions were willful and in bad faith, a significant sanction was necessary to protect the integrity of the settlement process.  (See Order on Def.'s Mot. to Disqualify and for Sanctions (Docket # 22) at 12–13.)  Despite Defendant's argument in its Motion to Disqualify and For Sanctions (Docket # 15) that Plaintiff's breach of confidentiality required monetary sanctions, Plaintiff made no attempt in her response to document her financial status apart from a passing and unsupported assertion that "monetary sanctions will . . . exacerbate the financial crisis Plaintiff is already in due to being pushed out of her job by Defendant."  (Opp'n to Def.'s Mot. for Sanctions (Docket # 16) at 10.)  When the prospect of monetary sanctions was raised at oral argument (see May 5, 2005 Hearing Tr. at 19), Plaintiff's counsel again failed to raise the issue of Plaintiff's ability to pay.  Defendant made it clear in both its original Motion and at oral argument that it was seeking a sanction upwards of $2,500 for Plaintiff's breach of confidentiality.

Once the Court imposed sanctions, Plaintiff's counsel sent the Clerk of the Court a letter stating in full:

> This letter is to follow-up on Judge Singal's order dated May 12, 2005.[1]
> My client is unable to pay the $1,000 imposed upon her by the Court.

(May 13, 2005 Letter to the Court (Docket # 23).)  This letter was not accompanied by any evidence of Plaintiff's inability to pay.  Defendant responded with its Memorandum Concerning Plaintiff's Alleged Inability to Pay Sanctions (Docket # 24) asking the Court to dismiss Plaintiff's case if Plaintiff fails to pay the sanction.

---

[1] The Order was in fact dated May 11, 2005.

2

On May 23, 2005, shortly before Plaintiff's ten days to pay the sanction were to expire, Plaintiff filed a Motion for Relief from Order (Docket # 32) arguing that counsel's surprise as to the severity of the sanction and Plaintiff's inability to pay the sanction warranted postponement of payment to the end of the case.  For the first time, Plaintiff also submitted an affidavit setting forth her financial circumstances.   In the affidavit, Plaintiff states that she is unemployed and supports herself and her 19-year-old son through her disability payments of $1,529.00 a month.  Plaintiff represents that her monthly living expenses consume most or all of these payments.  Plaintiff does not discuss any savings or other assets that she might use to pay the sanction.  Defendant asserts that Plaintiff owns substantial assets, including real property and a retirement account from her employment at L.L. Bean.

Plaintiff also submitted a Motion to Stay Order for Plaintiff to Pay Sanctions (Docket # 31), asking the Court to stay Plaintiff's payment obligation until the substantive motion was resolved.  The Court granted this motion.  (See Order on Pl.'s Mot. to Stay Order (Docket # 35).)


## II. ANALYSIS

Plaintiff's Motion for Relief from Order is too little, too late.  Plaintiff had ample notice that significant monetary sanctions were a possibility in this case, yet failed to make any showing of financial hardship until after the motion for sanctions was decided. Furthermore, even if the Court were to entertain Plaintiff's belated plea of financial hardship, the showing offered does not convincingly demonstrate hardship.

### A.  Counsel Surprise

Plaintiff first argues that relief from sanctions is warranted under Rule 60(b) of the Federal Rules of Civil Procedure due to "counsel surprise."  Rule 60(b) provides that "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).[2]  Plaintiff's counsel assert surprise at the sanctions imposed because of their mistaken belief that (a) the Court would rule in their favor on the merits and (b) the Court would presume, without any evidence in the record, that Plaintiff was unable to pay a $1,000 sanction.  On the latter point, Plaintiff's counsel claim that their belief was justified because the Court was "on notice" as to Plaintiff's financial situation due to the "underlying facts and circumstances of this case" and a passing reference to Plaintiff's "financial crisis" in the Opposition to Defendant's Motion for Sanctions.  Because they were victims of surprise, Plaintiff's counsel assert that they were unable to put forth evidence allowing the Court to fully consider the Plaintiff's financial situation when determining the amount of sanctions.

Counsel's argument on this point is unconvincing.  Defendants stated in their motions and at oral argument that they were seeking sanctions against the Plaintiff in excess of $2,500.  While Plaintiff's counsel might plausibly have claimed actionable surprise had the Court imposed a sanction in excess of the amount sought by Defendant,

---

[2] The Court disagrees that Rule 60(b) is directly applicable to this case.  Rule 60(b), by its terms, applies only to a "final judgment, order, or proceeding."  As explained by a leading treatise, "the power of a court to modify an interlocutory judgment or order at any time prior to final judgment . . . is not limited by the provisions of Rule 60(b)."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2852.  Since an order imposing monetary sanctions is interlocutory, see United States v. Kouri-Perez, 187 F.3d 1, 6 (1st Cir. 1999), the Court may apply "the 'interests of justice standard' which affords the court wide discretion" in ruling on the motion for relief.  Dempsey v. National Enquirer, 702 F. Supp. 927, 932 (D. Me. 1988) (citing Greene v. Union Mutual Life Insurance Co., 764 F.2d 19, 23 (1st Cir. 1985).)  Of course, "counsel surprise," within the meaning of Rule 60(b), is certainly relevant to the question of whether the interests of justice warrant relief from the order.

there is no excuse for counsel's failure to anticipate the possibility of a sanction that was, in this case, well below the amount sought by Defendant. Even after a substantial colloquy at oral argument between the Court and Defendant on possible sanctions, in which Defendant suggested that a monetary sanction in excess of $2,500 might be appropriate (see Tr. at 18–19), Plaintiff's counsel did not suggest that Plaintiff would be unable to pay such a sanction.

Furthermore, Plaintiff counsel's argument that they were surprised that Defendant prevailed in its motion for sanctions is unavailing. Whatever the outer limits of "surprise," as contemplated in Rule 60(b)(1), the Court is confident that it does not include a party's mistaken assumptions about its chances of winning a contested motion. Unsurprisingly, Plaintiff can cite no cases to the contrary.

### B. Inability to Pay

Plaintiff also seeks relief from sanctions because of her inability to pay.[3] Plaintiff argues that the Court has the power to consider her financial ability to pay the sanction even if the Court finds that it was not raised previously. Plaintiff cites a Maine Law Court case in which that court upheld a Superior Court's reconsideration and reversal of an order granting a criminal defendant's motion to suppress evidence. See State v. Hayford, 412 A.2d 987, 989–990 (Me. 1980).

While the Court has no doubt that it could, in its discretion, consider Plaintiff's arguments of financial hardship at this late date, it declines to do so. Plaintiff's counsel can offer no explanation as to why they neglected to raise this issue in their original

---

[3] Plaintiff again erroneously cites Rule 60(b) as the basis for her argument. As with her argument as to counsel surprise, the Court reviews this argument under the broader "interests of justice" standard. See Greene, 764 F.2d at 23.

response to Defendant's Motion or at oral argument. As the First Circuit has noted, "[u]nlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence, withholds potentially relevant information, allows his opponent to configure the summary judgment record, and acquiesces in a particular choice of law does so at his peril." Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994); see also Cochran v. Qwest Software, Inc. 328 F.3d 1, 11 (1st Cir. 2003) ("It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling."). Even the Law Court case relied upon by Plaintiff cautions that "[r]econsideration is an extraordinary procedure. In the exercise of sound judicial discretion a Justice may, and in most cases should, summarily deny the motion without hearing." Hayford, 412 A.2d at 990 n.7.

Plaintiff's counsel further damaged their case for reconsideration of the sanction with a letter to the Court stating, without elaboration or supporting documentation, that Plaintiff could not pay the sanction imposed. If the letter was intended as a motion, it was woefully inadequate. If it was intended as notice to the Court that Plaintiff did not intend to comply with the Court's order, it served only to invite even greater sanctions upon Plaintiff. Whatever counsel's intent in sending the letter, they did not help their client's cause by doing so.

Furthermore, even if the Court were to reconsider its order on sanctions, the evidence put forward by Plaintiff of financial hardship does not make a convincing case for delaying the imposition of sanctions. While Plaintiff affidavit suggests that she lives more or less paycheck to paycheck, she omits any discussion of her assets. L.L. Bean asserts that Plaintiff has both a retirement account with L.L. Bean and substantial equity

in her house in North Yarmouth, Maine.  Plaintiff must make some accounting of such assets as well as any other savings she might have in order to demonstrate that she is truly unable to pay the sanction.

Although the Court finds in this case that relief from sanctions should not be granted, it also emphasizes that this outcome was not necessarily inevitable.  Had counsel for the Plaintiff raised the issue of Plaintiff's financial situation before the Court ruled on Defendant's motion for sanctions and presented a more complete picture of Plaintiff's financial situation than is currently before the Court, it is possible that the outcome of Defendant's motion for sanctions would have been less unfavorable to Plaintiff. However, the Court will not allow counsel multiple bites at the apple on this matter without a stronger showing that the interests of justice so require.


## III.  CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Relief from Order is DENIED. Defendant's Memorandum Concerning Plaintiff's Alleged Inability to Pay Sanctions (Docket # 24) is therefore MOOT.  The Court also LIFTS the Stay (Docket # 35) of its Order of May 11, 2005 (Docket # 22).  Per the terms of that Order, Plaintiff shall pay $1,000 to Defendant L.L. Bean, said amount to be paid within ten (10) days of this Order. Plaintiff is warned that failure to pay this sanction within the time allotted may result in sanctions including dismissal of her case.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 23rd day of June, 2005.