UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHEILA FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-221-P-S |
| | ) | |
| L.L. BEAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION ON MOTION TO COMPEL**

Non-party witness Mark Allen has filed a motion to compel the plaintiff to produce an unredacted transcript of an interview of Allen taken by the plaintiff's counsel in this litigation. Federal Rule of Civil Procedure 26(b)(3) provides, in relevant part:

> Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is . . . (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Thus, unlike a party opponent, who must make a "required showing" in order to discover witness statements obtained by his adversary in anticipation of litigation, Fed. R. Civ. P. 26(b)(3), a non–party witness is entitled to a copy of his own recorded statement, upon request, without any showing of cause. Id.; see also In re Shell Oil Refinery, 144 F.R.D. 75, 76 (E.D. La. 1992) ("The Notes of the Advisory Committee state that Rule 26(b)(3) permits a non–party witness to obtain a copy of his own statement without any special

showing."). If the request is not honored, the Rule authorizes the non-party witness to "move for a court order" and to request "an award of expenses." Id.

Four days prior to his deposition, Mark Allen requested, for the first time, a copy of an interview he gave to the plaintiff's counsel. At the deposition, the plaintiff's counsel produced a redacted transcript of Allen's interview, providing Allen with a copy of the answers he provided to counsel's questions, but deleting counsel's questions from the transcript. In response to questions posed at his deposition, Allen indicated that sometime prior to his deposition he was contacted by counsel for the defendant, who asked him whether he would like to retain defense counsel's firm in connection with the instant litigation, free of charge. Allen accepted the offer. Having obtained Allen as a client, defense counsel filed, on behalf of Allen,[1] a motion to compel production of a copy of Allen's statement that includes the questions posed by the plaintiff's counsel. According to defense counsel, the redacted transcript provided by the plaintiff is largely useless because many of Allen's responses are merely affirmations or denials of questions posed to him and the transcript contains little narrative material. In opposition to the motion, the plaintiff argues that disclosure of her counsel's questions would divulge her counsel's privileged work product, which she objects to. In support of this position, she alludes to my May 25, 2005, order in which I concluded that the interview with Mark Allen came within the work product privilege and that plaintiff's counsel did not have to

---

[1] Allen's motion is technically deficient in its current form because there is no evidentiary basis in the record, such as an affidavit executed by Allen, to support a finding that the pending motion was, in fact, authorized or requested by Allen, as opposed to something that was performed exclusively at L.L. Bean's behest. The motion is signed only by defense counsel and their representations ordinarily would not be sufficient, in my view, but for the fact that the plaintiff fails to dispute that Allen personally desires to obtain a copy of his statement. In the absence of any dispute regarding Allen's intentions, I take it as undisputed that Allen has personally authorized the pending motion. Along the same lines, the parties do not dispute that Allen's interview was taken and recorded by the plaintiff's counsel in connection with this litigation and in anticipation of trial.

produce a transcript for L.L. Bean. That earlier ruling was premised on a finding that L.L. Bean could not demonstrate a "substantial need" for Allen's statement or that it was "unable without undue hardship to obtain the substantial equivalent," Fed. R. Civ. P. 26(b)(3), because Allen was not hostile to L.L. Bean (as the present circumstance clearly demonstrates) and L.L. Bean was free to speak with Allen directly to obtain the substantial equivalent of any statement provided to the plaintiff.[2] Regardless of the obvious appropriateness of my prior order on L.L. Bean's motion, which was never challenged, the instant motion is Allen's, not L.L. Bean's, and Rule 26(b)(3) clearly entitles Allen, as a "person not a party" to a copy of his statement "without the required showing." Id. Nevertheless, at least two magistrate judges have placed limits on the ability of opposing counsel to subpoena statements in the possession of non-party witnesses, including a "friendly" witness. See In re Convergent Techs. Second Half Sec. Litig., 122 F.R.D. 555, 565-567 (N.D. Cal. 1988) (contemplating that a party subpoenaing a statement from a non-friendly witness cannot succeed without proving that opposing counsel affirmatively waived the work product privilege and that even the statement of a friendly witness could not be obtained or reviewed by the defendant "until [the witness] offers testimony (in deposition or at trial) which is based on refreshing his recollection from his statement or until plaintiffs' counsel cross-examine him on the basis of his statement"); accord Peerless Heater Co. v. Mestek, Inc., Civ. No. 98-6532, 1999 U.S. Dist. LEXIS 19105, *9 (E.D. Penn. Dec. 6, 1999) (mag. j. memo. and order on mot. to compel). Along the lines of In re Convergent Technologies, the court might instruct the plaintiff to mail a full transcript directly to Allen and impose a gag order on Allen

---

[2] Allen is a former employee of L.L. Bean who had supervisory authority over the plaintiff, but his statement is not discoverable by L.L. Bean as a matter of right under Rule 26(b)(3) because Allen was no longer employed by L.L. Bean at the time plaintiff's counsel interviewed him.

3

restricting further dissemination of the document, or impose an order on the defendant and defense counsel to refrain from reviewing the document except under specified conditions. However, the plaintiff has already produced a transcript of all of Allen's interview statements, redacting only the questions posed during the interview by her counsel. I conclude that that disclosure was sufficient to comply with Rule 26(b)(3)'s mandate. Forcing the plaintiff to disclose the specific questions asked by her counsel during the interview would unnecessarily undermine the adversary process and is largely unnecessary because an un-redacted transcript of the interview will eventually have to be made available to Allen, L.L. Bean and their counsel if and when the document is used at trial to refresh Allen's recollection or to cross-examine him.[3] In my view, drawing a distinction between narrative statements of fact (which must be provided to a non-party witness upon request) and the questions posed by the attorney in preparation for trial (which need not be provided) strikes the best balance between protecting both the right of a non-party witness to obtain a copy of his or her "statement" in accordance with the Rule and "the professional activities of an attorney," Hickman v. Taylor, 329 U.S. 495, 497 (1947). The distinction between narrative statements and information garnered by an attorney through "skillful questioning" has long supplied the divining line between what is, and what is not, protected work product where witness statements are concerned. Diamond v. Mohawk Rubber Co., 33 F.R.D. 264, 267-68 (D. Colo. 1963); see also Scourtes v. Albrecht Grocery Co., 15 F.R.D. 55, 58-59 (N.D. Ohio 1953); Molloy v.

---

[3] Because Allen's deposition has already been conducted and the plaintiff did not use Allen's statement during Allen's deposition, there is no occasion for the court to concern itself with the issue of whether full disclosure should have been made in connection with Allen's deposition. See, e.g., Gotch v. Ensco Offshore Co., 168 F.R.D. 567, 570-71 (W.D. La. 1996) (discussing tension between Rule 613 of the Federal Rules of Evidence and Rule 26(b)(3) of the Federal Rules of Civil Procedure in regard to statements made by non-party witnesses). However, I caution the plaintiff that, if she intends to use Allen's statement as an exhibit at the summary judgment stage or otherwise, she will disclose it immediately.

Trawler Flying Cloud, Inc., 10 F.R.D. 158, 159 (D. Mass. 1950).[4] In my view, the language of Rule 26(b)(3) adheres to this line by defining "statement" as, for present purposes, a "recording[] or a transcription [of] a substantially verbatim recital of an oral statement *by the person making it*." Fed. R. Civ. P. 26(b)(3) (emphasis added). Disclosure of plaintiff counsel's questions would exceed the scope of the right afforded to Allen under this language.

The motion to compel is **DENIED**.

## CERTIFICATE

Any objections to this memorandum of decision shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated September 8, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[4] Magistrate Judge Brazil noted in his order that the Civil Rules Committee did not "consider in depth the pros and cons of the provision that creates a right in non-parties to their statements . . . or to assay the tension between it and the principal thrust of the work product doctrine that the Committee articulated in the main part of Rule 26(b)(3). In re Convergent Techs., 122 F.R.D. at 565. Obviously, parties who obtain non-party witness statements must anticipate that the witness might be or become friendly with an opposing party and might divulge the substance and content of his or her communications with the opposing party's counsel. As Magistrate Judge Brazil observed, Professor Wright and Miller contemplated in their treatise on federal practice and procedure that non-party witnesses would typically request their statements at the behest of a party. Id. at 566. However, the fact that Allen cannot reconstruct what was asked of him reflects the value-added nature of a recorded interview, as compared with a basic witness statement which, presumably, Allen would be able to substantially reproduce for defense counsel. In effect, a recorded interview is more essentially "work product" than is a mere fact statement, although even fact statements have been routinely protected from disclosure to party opponents in order to preserve the presumptive virtues of the adversary process, which is the fundamental purpose of the work product privilege. See In re Grand Jury Subpoena, 274 F.3d 563, 574 (1st Cir. 2001) (describing the purpose of the work product doctrine).