UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SHEILA FRANK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 04-221-P-S |
| | ) |
| L.L. BEAN, INC., et al., | ) |
| | ) |
| Defendants | ) |

**O R D E R**

Defendants have filed a motion objecting to plaintiff's amended identification and production pursuant to Local Rule 44 (Docket No. 109). There are two grounds for this objection: (1) the plaintiff has identified only broad categories of documents and has not identified the specific documents within those categories that she might seek to actually use at trial; and (2) some of the records are not official records. I now **DENY** the objection.

Local Rule 44 was promulgated for a very limited purpose. The purpose of the rule is to require the proponent of certified copies or public records that would be admissible under Rule 44 of the Federal Rules of Civil Procedure or Rule 902 (4) or (11)-(12) of the Federal Rules of Evidence as self authenticated documents to put the other side on notice of those documents which might be offered at trial. Then if the opponent has an objection based upon *authenticity* the court can address that issue by early objection filed within 10 days of the notification. Local Rule 44 by its own terms is not limited to official records and may include records of regularly conducted business activities. The purpose of the rule is to eliminate the necessity of producing a custodian

of the records to testify at trial. Identifying the broad categories of records is certainly sufficient when the issue relates only to the authenticity, indeed as plaintiff points out most likely the declaration is to the effect that the attached is a true and complete copy of the entire record.

However, the adverse party is supposed to be allowed a fair opportunity to challenge the authenticity. I detect in plaintiff's response a possible problem, that being that plaintiff has not yet obtained the actual certified copies of some of the proposed exhibits. Defendants did not raise this issue in their objection, but Rule 902 allows defendants to inspect both the declaration and the record before agreeing that the minimal threshold for authenticity has been met. (Both parties should bare in mind that this notification procedure does not determine the ultimate admissibility of any particular document at trial which still might be objected to for a variety of reasons, including relevance. Those sorts of objections are better addressed when plaintiff identifies which precise exhibits are marked on the joint witness list or the defendant otherwise identifies issues that are fairly subject to a motion in limine).

In order to give the defendants a fair opportunity to challenge the *authenticity* of these documents, I will extend its opportunity to object until 10 days after the plaintiff produces the required declarations for any of the broad categories of documents for which she has not yet produced a declaration (apparently Nurse Yahr, Unum Provident, Workers Compensation Board and Plaintiff's medical bills). As to the other identified documents, defendants have not presented any reasonable challenge to their authenticity and therefore I am denying the objection.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated September 28, 2005

                                          /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge