UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHEILA FRANK, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 04-221-P-S |
| L.L. BEAN, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION TO STRIKE**

     Plaintiff Sheila Frank, the nonmoving party on a related motion for summary judgment, has filed a motion to strike captioned Motion to Strike Exhibit 1 of Defendant's Reply Statement of Material Facts. (Docket No. 154.) Exhibit 1 is a one hundred ten page chart prepared by L.L. Bean, the summary judgment movant, to serve as a responsive objection to Frank's Opposing Statement of Material Facts. L.L. Bean's original statement of material facts was one hundred and eighty-five paragraphs in length. The "chart" restates each of those paragraphs, restates Frank's opposing statements and objections and adds a new, third column entitled "Objection to Highlighted Portions." What counsel has done is highlight portions of plaintiff's opposing statements and then insert its various objections to those highlighted portions, such as hearsay, "nonresponsive," failure to qualify, and so forth. The third column does not contain record citations or authority but is merely an attack upon plaintiff's responses. Local Rule 56 does not contemplate such a pleading.

     In support of its submission L.L.Bean cites <u>Colt Defense LLC v. Bushmaster Firearms, Inc.</u>, Civ. No. 04-240-P-S, 2005 WL 2293909, 2005 U.S. Dist. LEXIS 20874 (D. Me. 2005), a recommended decision by Magistrate Judge Cohen, subsequently affirmed by Judge Singal,

wherein the moving party filed an identical pleading on a summary judgment motion.  L.L. Bean references this case and describes its current pleading as filed "[i]n accordance with the procedure approved recently" in <u>Colt Defense</u>.  Nowhere in Magistrate Judge Cohen's opinion does he "approve" this procedure.  Nor did he disapprove it.  The nonmoving party never objected to the form of the pleading and, although Magistrate Judge Cohen's recommended decision sustained certain of the moving party's objections, thereby implicitly acting upon the pleading, he neither endorsed nor rejected its propriety under Local Rule 56.

In the present case I do not intend to follow the procedure that Magistrate Judge Cohen followed.  I have independently considered Frank's objections, denials and qualifications vis-à-vis L.L. Bean's statement of material facts and, to the extent I found them responsive, admissible and properly supported, have incorporated them into my statement of facts; to the extent they were not, they have not been incorporated.  L.L. Bean filed one hundred eighty-five paragraphs of material facts and Frank responded to each of them.  L.L. Bean's "Exhibit 1" lodges objections to one hundred and forty-six of those paragraphs.  Some of those paragraphs contain three or four objections to Frank's opposing statement and, to be sure, Frank's opposing statement itself reflects a shotgun approach to raising objections.  I do not intend to rule individually on each and every objection as the parties invite me to do.  I do not believe that the language of Local Rule 56(e) nor the solution adopted by Magistrate Judge Cohen requires me to condone this pleading (Exhibit 1) in this case.  I decline to do so.

The motion to strike is **GRANTED.**

*So Ordered.*
Dated January 9, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

2