UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHEILA FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-221-P-S |
| | ) | |
| L.L. BEAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR SANCTION OF DEFAULT JUDGMENT**

At the conclusion of a long and contentious discovery period plaintiff's counsel, on the date set in the scheduling order as the deadline for filing dispositive motions, filed a motion for default judgment against the defendant (Docket No. 108), arguing that the sanction of default judgment should be entered against the defendant because of the manner in which defense counsel conducted this litigation. It is impossible to convey the degree of animosity and discourteousness that has colored the conduct of this case, but I have had the unpleasant experience of being at the epicenter of some of the incidents set forth by plaintiff in this motion and by defendant in the response thereto. Plaintiff's counsel recites a litany of perceived wrongs in the motion. Defendant's counsel sought other counsel to frame his legal response and filed his own affidavit reciting his perception of plaintiff's counsel's "meritless claims." I do not intend to set forth that history or attempt to assign fault. I will, however, include one excerpt from the plaintiff's motion and one excerpt from the defendant's responsive pleading to give the reader a sense of the tenor of these pleadings:

> Defendant and their counsel's behavior during this litigation makes a mockery of the discovery process, the truth finding goal of the judicial process, and clearly illustrates some fantasy perception by Defendant and/or their attorneys that they are above the rules.

(Pl.'s Mot. for Sanctions at 10.)

> [T]he plaintiff's willingness to file this motion suggests that the merits may not be a significant factor directing the plaintiff's actions.

(Def.'s Response in Opp. at 7) (asserted following a discussion of the reasons why defendant's counsel entered an appearance as counsel for defendant's former employee, witness Mark Allen.) Of course, these thinly-veiled personal attacks on each other are mild compared to the banter that occurred during depositions, of which I have been made privy during my review of the summary judgment papers and during telephone discovery conferences I had the privilege of refereeing.

    As a legal matter I am satisfied that there is no authority for the imposition of the sanction of default judgment against L.L. Bean based upon any one of the incidents described by plaintiff's counsel or upon the cumulative effect of these various incidents. Plaintiff cites no decision imposing such a sanction on even remotely similar facts and I can find none. Furthermore, plaintiff's suggestion that the authority for such a sanction arises under Rule 37 does not square with the language of the Rule. Rule 37 authorizes sanctions when a defendant fails to make disclosures, fails to obey court orders, or fails to cooperate in discovery. The defendant's perceived improper conduct did not involve a traditional Rule 37 violation. Rather, plaintiff seems to argue that defendant's counsel's tactics were sometimes underhanded, intentionally disruptive, and in violation of unspecified ethical and legal rules. In particular, I can find no instance in this record of the defendant violating a final court order pertaining to discovery. It was not a violation of Rule 37 for the defendant to appeal a discovery order to obtain expedited appellate review of the same by Judge Singal.

Plaintiff apparently recognizes the poor fit of Rule 37 because she also cites "the inherent power of the Court" as support for the imposition of the sanction. She cites no case law in support of this inherent power theory and I could find none that would be applicable to this case. While the court clearly has an inherent power to control litigation on its docket, the most extreme sanction is reserved for facts far more egregious than these. See Young v. Gordon, 330 F.3d 76 (1st Cir. 2003) ("[I]n the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders. . . . . [D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme"). Presumably, the same standard would apply in terms of entering judgment against wayward defendants. In any event, neither L.L. Bean nor its attorneys disobeyed any court order in this case or engaged in any "extreme" litigation tactics that prevented the plaintiff from presenting her evidence to the court. I recommend that the court deny the motion.

Defendant's counsel has moved for attorney fees in connection with its response to this motion. This court knows the history of the prior imposition of an attorney fees sanction in this case and knows the history of this litigation. To the extent the motion is brought pursuant to Rule 37, it appears under Rule 37(a)(4) the defendant is entitled to its reasonable expenses incurred in opposing the motion, unless the court determines that other circumstances make an award of expenses unjust. While I can understand plaintiff's counsel's frustration with some of the tactics of defendant's attorney, based on the current record I do not think it would be unjust to impose upon plaintiff's counsel a requirement that she pay to defendant a reasonable attorney's fee incurred in connection with responding to this ill-conceived motion. However, under the provisions of the Rule, before attorneys' fees are imposed, plaintiff's counsel should be given a full opportunity to be heard on that issue. Fed. R. Civ. P. 37(a)(4)(B).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

January 9, 2006

/s/ Margaret J. Kravchuk
United States Magistrate Judge