UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHEILA FRANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 04-221-P-S |
| | ) | |
| LL BEAN, INC., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR
ATTORNEYS' FEES**

Karen Wolfram, counsel for Sheila Frank, filed a motion requesting that a sanction of default judgment be imposed against L.L. Bean in this case. (Docket No. 108.) The motion recited that it was brought pursuant to Rule 37(b)(2) and (3)[1] of the Federal Rules of Civil Procedure. (Id. at 1.) In its response (Docket No. 112) L.L. Bean asked the Court to award it attorneys' fees pursuant to Rule 37(a)(4)(B). This order addresses L.L. Bean's request for fees in connection with its response to Frank's motion for sanction. Rule 37(a) pertains to motions to compel discovery and Rule 37(a)(4)(B) applies to a court's entry of protective orders and attorneys' fees awards in favor of the nonmoving party when the Rule 37(a) motion is denied. In my recommended decision on those papers, I concluded that Rule 37(a)(4) entitled L.L. Bean to an award of fees incurred in response to Frank's motion for sanction unless it could be shown that other circumstances made an award unjust. (Rec. Dec. on Mot. for Sanction at 3, Docket No. 160.) When the United States District Court Judge affirmed my recommended decision he referred defendant's counsel's request for attorneys' fees back to me for resolution. (Docket No.

---

[1] I do not believe there is a Rule 37(b)(3). Rule 37(b)(2) pertains to sanctions that may be imposed by the court when a party fails to obey an order regarding discovery or other enumerated pretrial matters.

170.)  I then issued an order to show cause (Docket No. 173) giving both sides the opportunity to present a pleading on the issue of attorneys' fees.  Before the briefing was completed on that show cause order, plaintiff filed her Notice of Appeal (Docket No. 176).

There exists a preliminary question whether L.L. Bean's request for fees is timely.  Because an appeal is currently pending from the Court's contemporaneous grant of summary judgment to L.L. Bean, theoretically Local Rule 54.2 might require the request for fees to be filed "within 30 days of the filing of the appellate mandate providing for the final disposition of any appeal to the Court of Appeals."  D. Me. Loc. R. 54.2.  I conclude that Local Rule 54.2 does not apply to the instant request for fees because Federal Rule 54, which the local rule is designed to implement, does not apply to claims for fees when the fee award serves as a sanction for violation of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(d)(E).  However, because the Notice of Appeal (Docket No. 176) specifically seeks to appeal the Order affirming the Recommended Decision on the Motion for Sanction of Default, as well as the Order granting judgment to defendant, it does not appear that it would be an appropriate exercise of this court's jurisdiction to make a further determination on this issue at this time.  This motion for attorneys' fees is not a Rule 54 motion within the meaning of Rule 4(a)(4)(iii) of the Rules of Appellate Procedure.  Therefore I have serious doubt about this court's continuing jurisdiction to make any further ruling on this motion.  See  United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("[A]s a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal.")

Based upon the foregoing, I am satisfied that it is appropriate to reserve any further ruling on the motion for attorneys' fees that has been referred to me and instruct the clerk to forthwith transmit this appeal to the Court of Appeals in accordance with the Notice of Appeal.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated this 31st day of March 2006.

                                                  /s/ Margaret J. Kravchuk
                                                  U.S. Magistrate Judge